UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL MORIN | CIVIL ACTION |
| VERSUS | NO. 18-4719 |
| STATE OF LOUISIANA<br>SEX OFFENDER REGISTRATION | SECTION: "F"(1) |

## REPORT AND RECOMMENDATION

Petitioner, Michael Morin, filed in this Court a *pro se* pleading entitled "Petition and Order for Termination of Sex Offender Registration."[1] In that petition, he made the following allegations:

In 1997, petitioner pleaded guilty in a North Carolina state court to the offense of indecent liberties with a minor. In 1998, as a result of that conviction, he registered as a sex offender in that state, entered a sex offender rehabilitation program, and began serving six months of probation. In 2009, a North Carolina state court terminated the requirement that he register as a sex offender. In 2011, he moved to Louisiana, where he was subsequently convicted of two counts of failing to register as a sex offender under Louisiana law and sentenced to a term of two years imprisonment. He appears to argue that it was, and still is, an "injustice" to require him to register in Louisiana as a sex offender based on his 1997 conviction, because he is no longer subject to a sex offender registration requirement in North Carolina based on his conviction in that state.[2]

---

[1] Rec. Doc. 8.
[2] The Court notes that two reported decisions from the Louisiana Fifth Circuit Court of Appeal shed additional light on petitioner's allegations. Those decisions reflect that, in 2014, the Jefferson Parish District Attorney filed two bills of information charging petitioner with failing to appear for his periodic renewal of registration as a sex offender as required by La. Rev. Stat. Ann. 15:542.1.1. The decisions further reflect that petitioner pleaded guilty to those charges on August 26, 2015, and was sentenced on each conviction to a concurrent term of two years imprisonment on October 7, 2015. On October 26, 2016, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences. State v. Morin, 203 So.3d 1109 (La. App. 5th Cir. 2016); State v. Morin, 203 So. 3d 1115 (La. App. 5th Cir. 2016).

In his federal petition, petitioner asks that the Court grant him the following forms of relief:

1) Terminate the requirement of registration

2) Order that the Registration was a violation of Louisiana Statute Act 2007 No. 460 sections 5 and 6 which state "the provisions of this Act shall apply to all persons convicted of a sex offense or a criminal offense against a victim who is a minor in R.S. 15:541 regardless of the date of convictions, with the exception of those persons required to register under previous provisions of law whose obligation to register have been fulfilled and extinguished by operation of law["]

3) Order that the 2 counts of failure to comply with the sex offender registration was in violation of LAS Act 2007 No. 460 sections 5 and 6

4) Order that the sentence of 2 years of violating the Sex Offender Registration was in violation of LAS Act 2007 No. 460 sections 5 and 6.[3]

Because petitioner did not state the basis for invoking this federal court's jurisdiction, the Clerk of Court was left with the unenviable task of classifying his pleading for docketing purposes. Because that pleading, at least in part, challenged the validity of the aforementioned Louisiana state court convictions and sentences, the decision was made to docket the petition as one seeking relief pursuant to 28 U.S.C. § 2254 and to assess the $5.00 filing fee required for habeas petitions.[4] Petitioner paid that fee.

Assuming that petitioner is in fact seeking relief pursuant to 28 U.S.C. § 2254, the undersigned finds that petitioner is not entitled to such relief and recommends that his habeas

---

[3] Rec. Doc. 8, p. 4.
[4] "[A] challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254." Arreola-Amaya v. Federal Bureau of Prisons, 623 Fed. App'x 710, 710 (5th Cir. 2015). In pertinent part, that statute provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

corpus claims be dismissed.[5]  In the instant case, even if petitioner could meet the other requirements of § 2254, there is one he clearly cannot meet: the exhaustion requirement.[6]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  For the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, that exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  On August 7, 2018, the undersigned's staff confirmed with the Clerk of the Louisiana Supreme Court that petitioner had filed no writ applications whatsoever in that court.  Accordingly, because petitioner has never afforded the state's highest court with a fair opportunity to review his claims, he is precluded from obtaining federal habeas corpus relief based on those claims.

The next question the Court must address is how to proceed with petitioner's claims that he is entitled to declaratory and prospective injunctive relief terminating the requirement that he

---

[5] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a federal court may dismiss a habeas petition *sua sponte* without requiring an answer from the state if it plainly appears from the petition that the petitioner is not entitled to relief.  See Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.  This power is rooted in the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quotation marks omitted)).

[6] "[T]here is no doubt that a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete."  Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998).  See also Rodriguez v. Dretke, No. 5:04-cv-28, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where the petitioner failed to exhaust his state court remedies).

continue to register as a sex offender in Louisiana. Those forms of relief are not properly sought in a habeas action; rather, they are more properly construed as seeking relief under 42 U.S.C. § 1983.[7] "[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987). Accordingly, the undersigned finds that petitioner's § 1983 claims should be severed into a new and separate civil action, and he should be allowed to pursue those claims in that separate action once he either pays the required filing fee or requests and is granted leave to proceed *in forma pauperis*. See, e.g., Crain v. Director, TDJC-CID, Civ. Action No. 6:16cv912, 2017 WL 1319711, at *2-3 (E.D. Tex. Mar. 10, 2017).[8]

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal habeas corpus claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[7] See Doe v. Jindal, Civ. Action No. 15-1283, 2015 WL 7300506 (E.D. La. Nov. 18, 2015) (addressing claims seeking declaratory and injunctive relief with respect to Louisiana's sex offender registry laws as § 1983 claims). In pertinent part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

[8] Petitioner is advised that the filing fee for a federal civil rights action is $400. A petitioner may not avoid that significantly higher filing fee by simply incorporating his § 1983 claims into a habeas petition and then paying only the lower $5 habeas filing fee. See Yarbrough v. Director, TDCJ-CID, Civ. Action No. 6:14cv754, 2014 WL 7205224, at *5 (E.D. Tex. Dec. 15, 2014). If petitioner fails either to pay the $400 filing fee or to request and be granted pauper status in the separate new civil action, his federal civil rights claims may be eventually be dismissed on that basis. **Moreover, petitioner is expressly cautioned that the recommendation that he be allowed to pursue the claims in a separate civil action should not be construed as an indication that the undersigned has concluded that the claims have merit. The undersigned takes no position on that issue at this time.**

It is **FURTHER RECOMMENDED** that petitioner's claims for declaratory and prospective injunctive relief be **SEVERED** into a new and separate federal civil rights action brought pursuant to 42 U.S.C. § 1983.

It is **FURTHER RECOMMENDED** that the Clerk of Court be **DIRECTED** to assign a new civil case number to the severed 42 U.S.C. § 1983 claims, allot that new civil case to the same United States District Judge and United States Magistrate Judge as the instant case,[9] and docket a copy of petitioner's initial pleading (Rec. Doc. 8) and a copy of the Court's severance order in that newly-created civil action.

It is **FURTHER RECOMMENDED** that the Court's severance order include an order that petitioner pay the $400 filing fee or submit an application to proceed *in forma pauperis* in that new civil case within thirty days of the entry of that order.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of August, 2018.

                                                  */s/ Janis Van Meerveld*
                                                  **JANIS VAN MEERVELD**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[9] See Local Rule 3.1.1 (regarding allotment of related cases).